UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

AUTO-OWNERS INSURANCE CO.,          )
                                    )
            Plaintiff,              )
                                    )        No. 3:10-CV-118
v.                                  )        (CAMPBELL/SHIRLEY)
                                    )
MICHAEL E. ENGLAND, *et al.*,       )
                                    )
            Defendants.             )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. Now before the Court is Plaintiff's Motion for Entry of Final Judgment as to Michael E. England [Doc. 45]. Plaintiff moves the Court to enter a final judgment as to Defendant Michael E. England, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Initially, the Court finds that no party has responded in opposition to the Motion for Entry of Final Judgment, and the time for doing so has expired. See E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat the lack of opposition during the time allowed under the rule as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012).

Further, the Court finds that the relief requested is well-taken under Rule 54 of the Federal Rules of Civil Procedure. Rule 54(b) states that, in a case involving multiple parties, the Court may direct entry of a final judgment as to "one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

In this case, the Plaintiff notes that the default judgment entered against Defendant England was based upon his failure to appear and litigate, while adjudication of the remainder of the claims will require resolving insurance coverage questions. [Doc. 46 at 2]. Plaintiff asserts that there is no danger that appellate review would be redundant or unnecessary. [Id. at 2-3]. In addition, the claims remaining do not include a claim or counterclaim that could result in a set-off against the judgment against Defendant England. [Id. at 4]. Accordingly, the Court finds that there is no just reason for delay. See U.S. Citizens Ass'n v. Sebelius, 705 F.3d 588, 596 (6th Cir. 2013).

Based upon the foregoing, the Court finds that the Motion for Entry of Final Judgment as to Michael E. England **[Doc. 45]** is well-taken. The undersigned **RECOMMENDS**[1] that it be **GRANTED**, and the Clerk of Court be **ORDERED** to enter final judgment against Michael E. England, consistent with the Court's previous Order [Doc. 15].

Respectfully Submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).