UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF TENNESSEE AT KNOXVILLE

| AUTO-OWNERS INSURANCE CO., Plaintiff, vs. MICHAEL ENGLAND, J. O. ADAMS, individually and J. O. Adams d/b/a ADAMS TAXIDERMY, PHYLLIS GOODMAN, individually and as mother and next friend of J.Z.G., a minor, and JEFFREY GOODMAN, Defendants. | ORDER AND MEMORANDUM DECISION Case No. 3:10-cv-118 Judge Tena Campbell |
|---|---|

Plaintiff Auto-Owners Insurance Company (Auto-Owners) has moved for summary judgment seeking a declaratory judgment regarding its liability under a business owners insurance policy. Auto-Owners argues that it is not obligated to defend or indemnify Defendants J. O. Adams and Adams Taxidermy in a Tennessee state lawsuit because the claims made in the state lawsuit are either not covered by the business owners insurance policy or are excluded under the automobile exclusion provision in the policy. The court agrees with Auto-owners and GRANTS the motion.

## I. BACKGROUND

In October 2008, Auto-Owners issued a business owners insurance policy to J. O. Adams and his solely-owned business, J. O. Adams d/b/a Adams Taxidermy (collectively J. O. Adams), which is engaged primarily in the preparing, stuffing, and mounting of animal skins for display. The policy covers J. O. Adams "only with respect to the conduct of a business of which [J. O. Adams is] the sole owner." (Complaint Ex. 2, Docket No. 1-2, at 39.) The policy also covers employees of J. O. Adams, "but only for acts within the scope of their employment

by [J. O. Adams]." (Id. at 36.) There is also an automobile exclusion which excludes "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." (Id.)

In December 2008, J. O. Adams hosted a holiday party for friends, family, and employees. He served alcohol at the party. One of J. O. Adams' employees, Defendant Michael England, was at the party and allegedly drank heavily. Mr. England left the party in his personal truck. On his way home, he crashed into a minivan occupied by Defendants Phyllis Goodman, Jeffrey Goodman, and J.Z.G., a minor (collectively, Goodmans). The Goodmans sued J. O. Adams and Mr. England in a civil action in Tennessee state court (state lawsuit).

Auto-Owners filed suit for a declaratory judgment in this court to determine whether the policy requires Auto-Owners to defend or indemnify either J. O. Adams or Mr. England in the state lawsuit. Auto-Owners argues that it does not have to defend or indemnify J. O. Adams in the state lawsuit for two reasons: First, the policy covers only activities related to the conduct of J. O. Adams' business, and the holiday party was not work-related; Second, the policy specifically excludes claims for injuries or damage resulting from the use of automobiles, and Mr. England's use of his personal truck to attend and leave the holiday party is excluded by the policy's automobile exclusion.

## II. ANALYSIS

### A. Standard of Review

"[A] court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

2

R. Civ. P. 56(a); see also Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008). The court views the facts and inferences drawn from those facts in the light most favorable to the non-moving party. Tucker, 539 F.3d at 531. And because jurisdiction is based on diversity of citizenship under 28 § U.S.C. 1332, the court applies Tennessee state law to the substantive issues in this case. Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001).

**B. Interpretation of Auto-Owners' Insurance Policy**

The interpretation of written contracts, including insurance policies, is a legal issue suitable for resolution by summary judgment. Travelers Indem. Co. of Am. V. Moore & Assocs., Inc., 216 S.W.3d 302, 305 (Tenn. 2007). When interpreting an insurance policy, a court should give the policy's terms their natural and ordinary meaning, give effect to the parties' intentions as reflected in the agreement itself, and construe the policy as whole in a reasonable and logical manner. Merrimack Mut. Fire Ins. Co. v. Batts, 59 S.W.3d 142, 148 (Tenn. Ct. App. 2001). A court should not attempt to expand the insurance company's liability beyond the outer limits of the insuring agreement. See id.

To determine whether an insurance company must defend an action brought against an insured by a third party, a court must examine the allegations made in the underlying lawsuit. St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994). If the allegations in the underlying action are not within the scope of the insurance agreement, then the insurance company has no duty to defend. See id. at 833–834. Furthermore, if there is no duty to defend, there is no duty to indemnify. Cincinnati Ins. Co. v. Grand Pointe, LLC, No. 1:05-cv-161, 2006 WL 1806014, at *9 (E.D. Tenn. June 29, 2006) ("Since Cincinnati has no duty to defend, it logically follows there is no duty to indemnify." (alterations and internal

3

quotations marks removed)).

    1. Scope of the Policy

To determine whether Auto-Owners must defend and indemnify J. O. Adams, the court must first examine the Goodmans' allegations in the underlying state lawsuit to determine if the claims fall within the scope of the policy.[1]  The Goodmans claim that J. O. Adams was negligent when he hosted a Christmas party at his home during which he furnished alcoholic beverages and then made only half-hearted attempts to prevent Mr. England from driving away while intoxicated.  The Goodmans also argue that employees were encouraged to attend the party and that employees who did not attend were viewed less favorably than those who did. (See Complaint Ex. 1, Docket No. 1-1, at 4–7.)

    Those claims do not fall within the scope of the policy.  The policy covers J. O. Adams "only with respect to the conduct of a business of which [he is] the sole owner."  Tennessee case law is sparse when analyzing the meaning of "conduct of a business" in the context of general liability insurance contracts.  See, e.g., Cincinnati Ins. Co. v. Shelby Mut. Ins. Co., 542 S.W.2d 822, 824 (Tenn. Ct. App. 1975) (interpreting "conduct of a business" and applying it to the facts in that case without providing more guidelines about how to interpret the phrase).

Other jurisdictions have construed the term to mean that "the insurer must have been able to reasonably foresee the liability-producing conduct as emanating from the insured's business," Sentry Ins. Co. v. Sahlberg, No. CA935331E, 1995 WL 809951, at *2 (Mass. Super.

---

[1] The court limits its analysis to the claims made against J. O. Adams because this motion only asks for summary judgment against J. O. Adams and not against Mr. England, the driver who struck and injured the Goodmans.

4

Mar. 28, 1995), or that there is "a causal nexus between the cause of the injury and the insured operations or business." Selective Ins. Co. of S. Carolina v. Ferguson, No. CIV.A. 11-74, 2011 WL 4626007, at *6 (W.D. Pa. Oct. 3, 2011). And in Nova Cas. Co. v. Anderson, No. 804CV2085T27TGW, 2005 WL 3336496 (M.D. Fla. Dec. 8, 2005), the court interpreted the term to mean that the activity was one that was "performed for the purpose of his business." (Id. at *4.)

The Goodmans do not allege a sufficiently close nexus between the taxidermy business and the cause of their injuries. The party was a once-a-year event at Mr. Adam's home, and the guests included people other than employees and customers. (Complaint Ex. 1, Docket No. 1-1, at 5.) That alone does not point to the party being performed for the purpose of J. O. Adams' taxidermy business. And although employees were encouraged to attend and perhaps even viewed less favorably if they didn't, they were not required to attend and were not paid for their time there. Furtherrmore, Mr. England was driving his personal truck and was not acting within the scope of his employment when he departed from the party. The allegations do not indicate that an insurer would have been reasonably able to foresee the party as emanating from J. O. Adams' business.

2. Automobile Exclusion

Even if court the court found that holiday party was related to the conduct of J. O. Adams business, the automobile exclusion in the policy would exclude coverage. The policy excludes coverage when the bodily injury or property damages arises "out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." (Complaint Ex. 2, Docket No. 1-2, at 35.) An

5

automobile exclusion in a business owners liability policy is triggered under Tennessee law when "the use of the vehicle was the <u>efficient and predominate</u> cause of the injury." <u>Capitol Indem. Corp. v. Braxton</u>, 24 F. App'x. 434, 442 (6th Cir. 2001) (unpublished) (emphasis in original). The Goodmans allege that their injuries were the result of Mr. England driving while intoxicated and crashing into the Goodmans' minivan. Although they also allege that J. O. Adams was negligent in serving alcohol to Mr. England, their claims point to Mr. England's driving as the proximate cause of their injuries. (<u>See</u> Complaint Ex. 1, Docket No. 1-1, at 2–3, ¶¶ 4–8 (alleging the Goodmans' injuries were caused by Mr. England's reckless driving and stating that "This action arises from a motor vehicle accident").) As a result, the automobile exclusion bars coverage.

The Defendants try to avoid this result by stating that the Goodmans' injuries also stem from J. O. Adams' negligence during the holiday party. The Defendants direct the court to the concurrent cause doctrine, which is an exception that sometimes prevents an exclusion from barring insurance coverage when there are multiple causes of the injury.

When injuries that are claimed to be covered by an insurance contract flow from multiple causes, the concurrent cause doctrine states that an insurance company must provide coverage when a "nonexcluded concurrent cause is a substantial factor in producing the damage or injury." <u>Clark v. Sputniks, LLC</u>, 368 S.W.3d 431, 441 (Tenn. 2012). But the concurrent cause doctrine has no application when the alleged nonexcluded cause would not—independent of the excluded cause—have caused the injuries. <u>See</u> <u>Capitol Indem. Corp.</u>, 24 F. App'x. at 443 (rejecting the application of the concurrent cause doctrine, in part, because the negligence of a day care provider would not have caused the death of a minor child had it not been for the

6

use of a van, inside of which the minor child tragically died of hyperthermia).

Even though the Defendants point to multiple causes of their injuries, had it not been for Mr. England's driving of his, the Goodmans would have never been injured by J. O. Adams' alleged negligence. Therefore, the concurrent cause doctrine has no application to the facts before the court.

### III. CONCLUSION

For the foregoing reasons, the policy does not cover the Goodmans' claims, and Auto-Owners is not required to defend J. O. Adams in the state lawsuit. And because there is no duty to defend, there is no duty to indemnify. Auto-Owners' Motion for Entry of Judgment (Docket No. 18) is hereby GRANTED.

The court DECLARES that Auto-Owners has no duty or obligation under its insurance policy with J. O. Adams d/b/a Adams Taxidermy, Policy No. 41-564-664-00, to defend or indemnify J. O. Adams individually, or J. O. Adams d/b/a Adams Taxidermy in the action styled <u>Phyllis Goodman individually and as mother and next friend of [J.Z.G.], a minor, and Jeffrey Goodman v. Michael E. England and J. O. Adams, individually and J. O. Adams d/b/a Adams Taxidermy</u>, Anderson County Circuit Court, No. A9LA0440.

SO ORDERED this 8th day of July, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL<br>
United States District Judge